■ DONALD HARTLEY et al., Appellants, v SPARTAN CONCRETE et al., Defendants and Third-Party Plaintiffs-Respondents. B. M. ALTER ERECTORS CORP. et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered September

26, 1989, which denied their motion for partial summary judgment on the issue of liability against the defendants Spartan Concrete, Paul Schmergel & Son, and Seymar Associates d/b/a Seagull Associates.

Ordered that the order is reversed, on the law, with costs payable by the defendants third-party plaintiffs-respondents, and the plaintiffs' motion for partial summary judgment on the issue of liability is granted.

On March 27, 1985, the plaintiff Donald Hartley, an ironworker, was injured while working on the roof of a construction site when the wood decking upon which he was standing collapsed. In the instant action to recover damages for personal injuries, the plaintiffs sought partial summary judgment on the issue of liability pursuant to Labor Law § 240 as against the owners of the premises, the defendants Paul Schmergel & Son and Seymar Associates d/b/a Seagull Associates, and against the general contractor, the defendant Spartan Concrete. The Supreme Court denied the motion, concluding that "while the movant has established that defendants violated the Labor Law by failing to provide safety devices he has failed to demonstrate that this violation was a proximate cause of his injuries". We find otherwise and reverse.

It is well settled that, "[a] violation of the duty imposed by Labor Law § 240, which is designed to protect employees working on scaffolding or other elevated structures, imposes absolute liability on an owner or contractor regardless of degree of its control over the work" *(Klein v General Foods Corp.,* 148 AD2d 968, 969; *see also, Smith v Hooker Chem. & Plastics Corp.,* 70 NY2d 994, 995; *Bland v Manocherian,* 66 NY2d 452; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513). Moreover, it has been held that Labor Law § 240 encompasses the duty to protect "workers from hazards related to elevating themselves or their materials at the work site" *(Drew v Correct Mfg. Corp.,* 149 AD2d 893, 894).

Contrary to the defendants' contentions, we find no triable issues of fact with respect to the question of proximate cause. It is uncontroverted in the record that the plaintiff's injury was proximately caused by the collapse of the elevated decking material on which he was working. The defendants cannot escape liability under the statute by arguing that a "safety device" could not have prevented the accident, when the elevated structure was itself unsafe and where its collapse constituted the proximate cause of the injured plaintiff's injury.

In light of the foregoing, the plaintiffs' motion for partial summary judgment on the issue of liability as against the defendants Spartan Concrete, Paul Schmergel & Son, and Seymar Associates d/b/a Seagull Associates, is granted. Bracken, J. P., Kunzeman, Kooper and Harwood, JJ., concur.