■ GARY RODRIGUEZ, Respondent, v MARGARET TIETZ CENTER FOR NURSING CARE, INC., Defendant and Third-Party Plaintiff-Appellant. RESTOR TECHNOLOGIES, INC., Third-Party Defendant-Appellant; KENNETH S. GLASS et al., Fourth-Party Defendants-Respondents. [602 NYS2d 640] —In an action pursuant to Labor Law § 240 to recover damages for personal injuries, the defendant Margaret Tietz Center for Nursing Care, Inc., and the third-party defendant fourth-party plaintiff Restor Technologies, Inc., separately appeal from a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated September 13, 1990, which, upon a jury verdict, is in favor of the plaintiff in the principal sum of $600,000 ($100,000 for pre-verdict pain and suffering and $500,000 for post-verdict pain and suffering).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the first five decretal paragraphs thereof; as so modified, the judgment is affirmed, with costs to the appellants appearing separately and filing separate briefs, payable by the plaintiff, and a new trial is granted on the issue of damages only, unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages from the sum of $600,000 to $300,000, $50,000 for pre-verdict pain and suffering and $250,000 for post-verdict pain and suffering, and to the entry of an amended judgment in the principal sum of $300,000 accordingly; and it is further,

Ordered that in the event the plaintiff so stipulates, then

the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve and file the stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The testimony at trial demonstrated that the plaintiff, who was employed by Restor Technologies, Inc. (hereinafter Restor), was injured while dismantling a hoist on the roof of a building owned by the defendant Margaret Tietz Center for Nursing Care, Inc. (hereinafter Tietz Center). Specifically, the plaintiff was struck in the knee by a falling steel beam which was part of the hoist. He sustained a severe injury to his knee, required several operations, and suffers a permanent disability as a result of the accident. Additionally, the expert medical testimony adduced at trial indicated that the plaintiff likely will require further operations on his knee in the future. At the close of evidence, the trial court directed a verdict in favor of the plaintiff and against Tietz Center. The court also granted the cross motion of Tietz Center for a directed verdict against Restor based upon contractual and common-law indemnification. The jury awarded damages in favor of the plaintiff in the principal amount of $600,000.

We reject the contention of Tietz Center and Restor that Labor Law § 240 is inapplicable to this case and that the trial court erroneously directed a verdict in favor of the plaintiff based on that statute. Labor Law § 240 is applicable to these facts, inasmuch as the plaintiff was injured by a falling object while he was working on an elevated worksite (see, Rocovich v Consolidated Edison Co., 78 NY2d 509; Zimmer v Chemung County Performing Arts, 65 NY2d 513; Smith v New York State Elec. & Gas Corp., 189 AD2d 19, 20; Hartley v Spartan Concrete, 172 AD2d 586). Additionally, the plaintiff established an unrebutted prima facie case by demonstrating that there was a total lack of safety equipment and devices for the dismantling of the hoist, and that the beam which struck him was the sole cause of his injuries (see, Zimmer v Chemung County Performing Arts, supra; Hartley v Spartan Concrete, supra).

Similarly unavailing is the appellants' contention that the decision in Heritage v Van Patten (59 NY2d 1017) precludes the plaintiff from recovering in this case. In Heritage v Van Patten (supra), the property upon which the worker was injured was owned by his coemployee, thereby relegating the injured worker to the benefits under the Workers' Compensa-

tion Law as his exclusive remedy. Here, the plaintiff was injured on premises owned by Tietz Center, which was in no way a coemployee of the plaintiff *(see generally, Ozarowski v Yaloz Realty Corp.,* 181 AD2d 763; *cf., Donatin v Sea Crest Trading Co.,* 181 AD2d 654, 655). Accordingly, the plaintiff's recovery was not limited to Workers' Compensation benefits.

However, we find the damages award to be excessive to the extent indicated *(see,* CPLR 5501 [c]).

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur. [As amended by order entered Oct. 27, 1993.]