■ CARLOS ROJAS et al., Respondents, v COUNTY OF NASSAU, Defendant, and LONG ISLAND WATER CORP., Appellant. [620 NYS2d 438] —In an action to recover damages for personal injuries, etc., the defendant Long Island Water Corp. appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated January 28, 1993, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as it is asserted against the appellant.

On April 25, 1988, the date of the accident, the plaintiff Carlos Rojas was employed by a construction company working as subcontractor on the installation of a water main. Rojas's job was to assist his coworker in driving wood sheeting into the bottom of a trench where the water main had been installed. Rojas was holding a piece of wood sheeting which had been placed partially down into the trench, while his coworker was cutting a window with a power saw, when the saw blade became stuck. As the coworker tried to pull it loose, he lost his balance and fell, and his saw struck Rojas's right leg, causing serious injuries to Rojas.

In his suit against the appellant general contractor, the plaintiffs allege that there were violations of the safe-place-to-work provisions of Labor Law §§ 200, 240, and 241.

The appellant moved for summary judgment, contending that the accident was caused solely by the negligence and carelessness of his coworker. The Supreme Court denied the motion, concluding that a factual issue exists concerning the appellant's alleged violation of Labor Law § 200, a codification of the common-law safe-place-to-work rules. The court did not address the alleged violations of Labor Law §§ 240 and 241. We now reverse and grant summary judgment in favor of the appellant.

It is settled law that where the alleged defect or dangerous condition arises from a subcontractor's own methods in performing the work, and the general contractor exercises no supervisory control over the operation, no liability attaches to

the general contractor either under the common law or under Labor Law § 200 *(see, Lombardi v Stout,* 80 NY2d 290, 295). The accident here was caused by the manner in which Rojas and his coworker were performing the job. Additionally, there is no evidence that the appellant exercised supervisory control or had any input into how the work was to be done. Accordingly, the cause of action asserted under Labor Law § 200 should have been dismissed.

Additionally, while liability may be imposed under Labor Law §§ 240 and 241, even when the owner or general contractor does not exercise supervisory control at the job site, the facts appearing in the record here establish that the appellant was likewise entitled to summary judgment with respect to the claims asserted under these provisions. The accident occurred while Rojas was standing on the roadway assisting his coemployee in placing wood sheeting into a trench. Under the circumstances, Rojas was not exposed to the extraordinary elevation risks envisioned under Labor Law § 240 (1) and the statute is therefore inapplicable *(see, Rodriguez v Tietz Ctr. for Nursing Care,* 197 AD2d 565).

The allegations of the complaint, and the plaintiffs' bill of particulars, refer solely to the appellant's alleged failure to comply with general safety standards. The plaintiffs did not allege, in the record before us, that the appellant failed to comply with any concrete specifications mandated under the Industrial Code *(see,* 12 NYCRR part 23). Accordingly, we also dismiss the claims asserted under Labor Law § 241 (6) *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505). We have not considered the alleged violations of the Industrial Code, since they are raised for the first time on this appeal. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.