■ EDWARD LILLIS, Appellant, v CITY OF NEW YORK et al., Defendants, and COFIRE PAVING CORP., Respondent. (And Two Third-Party Actions.) [641 NYS2d 358] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated January 4, 1995, as granted the cross motion by the defendant third-party plaintiff Cofire Paving Corp. for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action in the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that where an alleged defect or dangerous condition arises from a subcontractor's own methods in performing the work, and the general contractor exercises no supervisory control over the operation, no liability attaches to the general contractor either under the common law or under Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Lombardi v Stout,* 80 NY2d 290, 295). In the case at bar, there was no evidence that the defendant third-party plaintiff Cofire Paving Corp. (hereinafter Cofire) exercised any supervisory control or had any input into how the work at the project site was to be performed. Accordingly, the cause of action asserted under Labor Law § 200 was properly dismissed (*see, Lombardi v Stout, supra,* at 295; *Rojas v County of Nassau,* 210 AD2d 390; *D'Avila v City of New York,* 205 AD2d 729).

Additionally, the allegations of the complaint and the plaintiff's bill of particulars made a generalized claim of common-law negligence and referred solely to Cofire's alleged failure to comply with general safety standards. The plaintiff did not allege that Cofire failed to comply with any concrete specifications mandated under the Industrial Code (*see,* 12 NYCRR part 23). Accordingly, the Supreme Court properly dismissed the claims asserted under Labor Law § 241 (6) (*see, Comes v New York State Elec. & Gas Corp., supra,* at 878; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505; *Rojas v County of Nassau, supra; D'Avila v City of New York, supra*). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.