■ ENRICHARDSON CHARLES et al., Respondents, v CITY OF NEW YORK, Defendant, and CHASE MANHATTAN BANK, Appellant. [642 NYS2d 690] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant Chase Manhattan Bank appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 2, 1995, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion for summary judgment is granted, and the complaint is dismissed insofar as asserted against the defendant Chase Manhattan Bank.

The plaintiff Enrichardson Charles, who was working as a mason attendant on a building under construction by the defendant Chase Manhattan Bank (hereinafter Chase), contends that he was injured when he tripped on some debris and contorted his body in order to avoid falling off an eighth-floor

ledge. We do not agree with the Supreme Court that there are triable issues of fact which preclude the granting of summary judgment to Chase.

Labor Law § 240 (1), relied upon by the plaintiffs, is directed at elevation-related hazards only, and recovery under the statute is unavailable where the injury results from other types of hazards "even if proximately caused by the absence of an adequate scaffold or other required safety device" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *see also, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Smith v New York State Elec. & Gas Corp.,* 82 NY2d 781; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Here, it is uncontroverted that the injured plaintiff's accident was not the result of an elevation-related hazard, but rather, resulted from a trip and fall on accumulated debris. Therefore, under the circumstances, the plaintiffs' Labor Law § 240 claim should have been dismissed.

Further, Chase should have been awarded summary judgment on the plaintiffs' Labor Law § 241 (6) claim. The plaintiffs failed to allege in either their complaint or bill of particulars a violation of any concrete specification of the Industrial Code (*see,* 12 NYCRR part 23), and therefore have not made the requisite showing to maintain a claim under Labor Law § 241 (6) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500). The plaintiffs' present contention, raised for the first time on appeal, that they have nonetheless pleaded facts sufficient to establish violations of 12 NYCRR 23-1.7 (d) and (e) (2) is unpreserved for appellate review (*see, Rojas v County of Nassau,* 210 AD2d 390).

Finally, the plaintiffs' claim pursuant to Labor Law § 200 (1) must also fail. There is no evidence that Chase had the authority to control the injured plaintiff's activity or had actual or constructive notice of any unsafe condition. Accordingly, there is no basis for imposing liability on Chase under Labor Law § 200 (1) (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 500; *Lombardi v Stout,* 80 NY2d 290, 295). Sullivan, J. P., Hart, Goldstein and McGinity, JJ., concur.