■ Carlos Rojas et al., Appellants, v Long Island Water Corp., Respondent. [642 NYS2d 934] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from

an order of the Supreme Court, Nassau County (Adams, J.), entered July 12, 1995, which denied their motion to strike the defendant's second, third, and fourth affirmative defenses and granted the defendant's cross motion for summary judgment dismissing the complaint on res judicata grounds.

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiffs' motion is granted, the defendant's cross motion is denied, and the complaint is reinstated.

Contrary to the defendant's contention, the plaintiffs' cause of action under Labor Law § 241 (6) was not dismissed on the merits by our decision in *Rojas v County of Nassau* (210 AD2d 390) (hereinafter *Rojas I*). Our decision on that appeal noted that the Labor Law § 241 (6) cause of action, as pleaded, failed to comply with *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), which was decided during the pendency of the *Rojas I* appeal. We specifically noted that the alleged Industrial Code violations that were argued on appeal in *Rojas I* were not considered *(Rojas v County of Nassau, supra)*. The new action, which was timely commenced pursuant to CPLR 205 (a), and which alleges various Industrial Code violations, presents new issues that had not been previously litigated. Therefore, the doctrine of res judicata is inapplicable here. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.