■ JOSEPH GARCIA et al., Respondents, v HARVEY L. SEIGEL, Appellant. [670 NYS2d 517] —In an action to recover damages for medical malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Orange County (Sherwood, J.), dated July 15, 1996, which, upon a jury verdict, was in favor of the plaintiffs and against him in the principal amount of $562,276 ($200,000 representing damages for past pain and suffering; $200,000 representing damages for future pain and

suffering; $146,000 representing damages for lost wages as reduced by the court to $112,276, and $50,000 representing damages for loss of consortium).

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provision thereof which awarded the plaintiff Joseph Garcia damages for future pain and suffering and substituting therefor a provision severing his cause of action to recover damages for future pain and suffering and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon him of a copy of this decision and order, with notice of entry, the plaintiff Joseph Garcia shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation, signed by him, consenting to reduce the verdict with regard to damages for future pain and suffering from the sum of $200,000 to the sum of $100,000, and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff Joseph Garcia so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for entry of an appropriate judgment accordingly.

On March 15, 1989, the defendant Dr. Harvey L. Seigel performed arthroscopic surgery upon the left knee of the plaintiff Joseph Garcia. The evidence adduced at trial showed that a piece of the "inflow cannula" (metal tubing) used during the surgery broke off at some point in the procedure, and was not removed from Mr. Garcia's knee prior to the end of surgery. Dr. Seigel testified at his pretrial deposition, excerpts of which were read into the record, that he had looked at the instrument after completing the surgery, but had not noticed anything out of the ordinary. The experts essentially agreed that the failure to remove the equipment constituted a departure from accepted medical standards.

The evidence further showed that through December 4, 1989, Mr. Garcia made repeated visits, at two and three week intervals, to Dr. Seigel, during which Dr. Seigel manipulated Mr. Garcia's knee and prescribed physical therapy and medication. Mr. Garcia testified that after each examination, and after each physical therapy session, he experienced pain and swelling in his knee. Dr. Seigel did not take an X ray to determine the cause of Mr. Garcia's complaints, and did not investigate an August 18, 1989, Magnetic Resonance Imaging report indicating a normal knee except for "magnetic artifact". The tubing was discovered in November 1989 following an X

ray taken during a medical examination by a second doctor. The object was removed during a second arthroscopic procedure performed by the second physician on February 1, 1990.

There was conflicting expert testimony as to whether Mr. Garcia's injury was permanent, but there was also evidence adduced that his condition had improved, and would continue to improve with physical therapy. There was no suggestion that future surgery was necessary or advisable.

The damage award for future pain and suffering is excessive to the extent indicated because it deviates materially from what would be reasonable under the circumstances of this case (*see,* CPLR 5501 [c]; *Lemberger v City of New York,* 211 AD2d 622; *Burton v New York City Hous. Auth.,* 191 AD2d 669; *Rodriguez v Tietz Ctr. for Nursing Care,* 197 AD2d 565; *Castellano v City of New York,* 183 AD2d 800).

Dr. Seigel's remaining contentions are unpreserved for appellate review, without merit, or relate to harmless error. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.