■ HARRY HEIZMAN et al., Respondents, v LONG ISLAND LIGHTING COMPANY et al., Defendants, PHILIP F. LINDNER et al., Doing Business as NORTH EAST COMMUNICATIONS CONTRACTING, Appellants-Respondents, and V. CABLE, INC., Respondent-Appellant. [674 NYS2d 59] —In an action to recover damages for personal injuries, etc., the defendants Philip F. Lindner and James R. Smith d/b/a North East Communications Contracting appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 7, 1997, as, upon granting that branch of their cross motion which was to dismiss the complaint insofar as asserted against them as barred by the Workers' Compensation Law, failed to grant that branch of their motion which was for summary judgment

dismissing the plaintiffs' causes of action pursuant to Labor Law § 240 (1) and § 241 (6) and granted that branch of the plaintiffs' motion which was for summary judgment on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants Long Island Lighting Company and V. Cable, Inc., and the defendant V. Cable, Inc., cross-appeals from stated portions of the same order.

Ordered that the cross appeal of V. Cable, Inc., is dismissed for failure to perfect the appeal in accordance with the rules of this Court; and it is further,

Ordered that the appeal of the defendants Philip F. Lindner and James R. Smith d/b/a/ North East Communications Contracting from so much of the order as failed to grant that branch of their cross motion which was for summary judgment dismissing the plaintiffs' causes of action pursuant to Labor Law § 240 (1) and § 241 (6) is dismissed, as the appellants are not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the plaintiffs' motion which was for summary judgment on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6) as against the defendants Long Island Lighting Company and V. Cable, Inc., is denied, and, upon searching the record, those causes of action are dismissed insofar as asserted against Long Island Lighting Company and V. Cable, Inc., and the cross claims of the defendants Long Island Lighting Company and V. Cable, Inc., insofar as asserted against the appellants-respondents are dismissed; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The plaintiff Harry Heizman was hired by Philip F. Lindner and James R. Smith d/b/a North East Communications Contracting (hereinafter the appellants) to install cable wires on utility poles. Heizman was allegedly injured when his foot became entangled in some brush at the base of the pole as he was getting ready to ascend the pole and he fell over and tumbled down a small incline. This action was thereafter commenced alleging, *inter alia,* violations of Labor Law § 240 (1) and § 241 (6). Insofar as pertinent to this appeal, the defendants Long Island Lighting Company (hereinafter LILCO) and V. Cable, Inc. (hereinafter V. Cable), filed cross claims for indemnification against the appellants. The appellants moved for summary judgment (1) dismissing the complaint insofar as asserted against them on the ground that it was barred by the exclusivity provisions of Workers' Compensation Law § 11 or,

in the alternative, (2) dismissing the plaintiffs' causes of action based on purported violations of the Labor Law. The plaintiffs cross-moved, *inter alia,* for summary judgment on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6). The Supreme Court, in an order dated April 7, 1997, among other things, dismissed the complaint against the appellants on the ground that is was barred by the Workers' Compensation Law and granted the plaintiffs summary judgment on the issue of liability on their causes of action under Labor Law § 240 (1) and § 241 (6) insofar as asserted against LILCO and V. Cable. Since the court dismissed the complaint insofar as asserted against the appellants, they are not aggrieved by its failure to do so upon the alternative ground upon which their request for that relief was founded (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 472-473). However, because LILCO and V. Cable have cross claims for indemnification against the appellants, the appellants are aggrieved by the grant of summary judgment to the plaintiffs on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6) (*see, Schieve v International Bus. Machs. Corp.,* 157 AD2d 924).

Labor Law § 240 (1) requires contractors, owners and their agents to provide certain devices which are to be "so constructed, placed and operated as to give proper protection" to persons employed in designated construction work from elevation-related hazards (Labor Law § 240 [1]; *see also, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Carpio v Tishman Constr. Corp.,* 240 AD2d 234). The special hazards covered by Labor Law § 240 (1) are "those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted" (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see also, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). However, such special hazards "do not encompass any and *all* perils that may be connected in some tangential way with the effects of gravity" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501 [emphasis in original]). Rather, the perils must concern "*harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501 [emphasis in original]). Here, based on his testimony at an examination before trial, Heizman was not injured by the direct application of the force of gravity upon his person. Rather, he testified that, while preparing to climb a utility pole to install cable wires, his right foot became entangled in some brush and debris

at or near the base of the pole. In his efforts to free the foot, he "lost [his] balance" and "tumbled" over. Thus, Heizman had not left the ground at the time that he lost his balance and tumbled over. Moreover, review of the photographs of the utility pole and surrounding area reveals that the incline upon which the utility pole was located was not an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see, DeLong v State St. Assocs.*, 211 AD2d 891). Accordingly, the plaintiffs' causes of action pursuant to Labor Law § 240 (1) must be dismissed insofar as asserted against LILCO and V. Cable.

The plaintiffs' causes of action pursuant to Labor Law § 241 (6) must also be dismissed insofar as asserted against LILCO and V. Cable. The subdivision imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection and safety for workers engaged in construction, excavation, or demolition work by complying with specific safety rules promulgated by the the Commissioner of the Department of Labor as part of the Industrial Code (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, supra; *Phillips v City of New York*, 228 AD2d 570). Here, the code provisions of the Industrial Code relied on by the plaintiffs as having been violated are not applicable to the facts of this case (*see,* 12 NYCRR 23-1.7; *Lenard v 1251 Ams. Assocs.*, 241 AD2d 391; *Kulis v Xerox Corp.*, 231 AD2d 922; *Stairs v State St. Assocs.*, 206 AD2d 817). Ritter, J. P., Sullivan, Krausman and Luciano, JJ., concur.