■ ENRICHARDSON CHARLES et al., Appellants, v CHASE MANHATTAN BANK, N. A., Respondent, et al., Defendant. [678 NYS2d 646] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), entered July 24, 1997, which, upon an order of the same court, *inter alia,* granting that branch of the motion of the defendant Chase Manhattan Bank, N. A., which was for summary judgment, dismissed the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

The plaintiff Enrichardson Charles was injured while working at a construction site. The plaintiffs commenced an action to recover damages based on, among other statutes, Labor Law § 241 (6). The cause of action based on that provision was dismissed in *Charles v City of New York* (227 AD2d 429), for failure to plead a violation of a specific provision of the Industrial Code (*see,* 12 NYCRR part 23). The plaintiffs then commenced this second action, arguing that the doctrine of res judicata did not preclude them from doing so. We disagree.

"The doctrine of res judicata operates to 'preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same 'factual grouping' or 'transaction' and which should have or could have been resolved in the prior proceeding' "

*(Koether v Generalow,* 213 AD2d 379, 380; *see also, D.C.I. Danaco Contrs. v Associated Univs.,* 248 AD2d 663).

In *Rojas v Long Is. Water Corp.* (227 AD2d 462), the doctrine of res judicata was found not to bar a timely-commenced second action based on Labor Law § 241 (6). However, the failure of the plaintiffs in the first Rojas action to comply with the pleading requirements for a cause of action predicated on Labor Law § 241 (6) was the result of the intervening change in the law as enunciated by the Court of Appeals in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) which was decided during the pendency of the appeal in the first Rojas action (*Rojas v County of Nassau,* 210 AD2d 390). Here, in contrast, the order appealed from in the first action entitled *Charles v City of New York* (*supra*) was made upon motion practice commenced more than a year after the Court of Appeals decision in *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra*). Accordingly, the Supreme Court properly found that the doctrine of res judicata bars this second action (*see, Matter of Reilly v Reid,* 45 NY2d 24). Pizzuto, J. P., Joy, Florio and Luciano, JJ., concur.