■ ODISSEAS GEORGOPULOS, Appellant, v GERTZ PLAZA, INC., et al., Respondents. [788 NYS2d 121]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated June 17, 2003, as granted those branches of the defen-

dants' motion which were for summary judgment dismissing the causes of action to recover damages based upon common-law negligence and alleging violations of Labor Law § 240 (1); § 200, and the cause of action alleging a violation of Labor Law § 241 (6) predicated on 12 NYCRR 23-3.3 (*l*), and denied his cross motion for partial summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs payable to the respondents Lager Associates, LLP, and Kambridge Management.

The plaintiff was employed on a project to replace a small section of roof on a building owned by the defendant Lager Associates, LLP (hereinafter Lager), and managed by the defendant Kambridge Management (hereinafter Kambridge). While emptying a garbage container filled with roof debris into a dumpster located next to a loading dock at ground level, the plaintiff slipped on a mound of debris inside the dumpster and fell to the concrete floor below.

The Supreme Court properly dismissed the plaintiff's cause of action alleging a violation of Labor Law § 240 (1). Labor Law § 240 (1) is directed solely at elevation-related hazards, and is not applicable where the injury sustained resulted from other types of hazards "even if proximately caused by the absence of an adequate scaffold or other required safety device" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 [1993]; *see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *Charles v City of New York*, 227 AD2d 429, 430 [1996]). The task of loading debris into a ground-level dumpster does not entail the kind of hazards contemplated by Labor Law § 240 (1). The plaintiff's accident was not the result of an elevation-related hazard, but rather, resulted from a trip and fall on accumulated debris (*see Charles v City of New York, supra* at 430).

Additionally, the Supreme Court properly dismissed the cause of action alleging a violation of Labor Law § 241 (6) predicated on 12 NYCRR 23-3.3 (*l*). 12 NYCRR 23-3.3 (*l*), which requires the provision of safe footing to workers engaged in demolition work "above the first floor or ground level," is inapplicable to the circumstances here. The plaintiff was not engaged in demolition work, which "necessitates the total or partial dismantling or razing of a building or structure" (*Zuniga v Stam Realty,* 169 Misc 2d 1004, 1010 [1996], *affd for reasons stated at Sup Ct* 245 AD2d 561 [1997]), and the dumpster the plaintiff fell from was positioned at ground level.

Further, the causes of action to recover damages based upon common-law negligence and alleging a violation of Labor Law § 200 were also properly dismissed. There was no evidence that the defendants had the authority to control the plaintiff's activities (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Walker v EklecCo,* 304 AD2d 752 [2003]; *Charles v City of New York, supra* at 430). Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.