■ HOWARD LANGER et al., Respondents, v BJ's WHOLESALE CLUB, INC., Appellant. [834 NYS2d 286]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered June 22, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

As the plaintiff Howard Langer was attempting to remove the uppermost plastic bucket from a stack on top of a wooden pallet at the defendant's store, the three remaining buckets in the stack allegedly fell over and knocked him to the floor. The plaintiffs alleged that the buckets fell because the buckets "were improperly stacked on a broken and/or improperly constructed pallet." The Supreme Court denied the defendant's motion for summary judgment. We reverse.

The defendant satisfied its initial burden of establishing its entitlement to judgment as a matter of law by submitting the deposition testimony and affidavit of its employee who stated that the buckets were delivered by the manufacturer to the defendant already stacked on a pallet and that she had not received any complaints, nor was she aware, of any dangerous condition concerning the pallet or the improper stacking of buckets thereon (*see Fields v King Kullen Grocery Co.*, 28 AD3d 513, 514 [2006]; *Rosa v Food Dynasty*, 307 AD2d 1031 [2003]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact as to their contention that the wooden pallet presented a dangerous condition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit from the plaintiffs' expert was speculative and conclusory (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Mestric v Martinez Cleaning Co.*, 306 AD2d 449 [2003]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]). Moreover, the photographs submitted by the parties were insufficient to demonstrate that the pallet constituted a dangerous condition (*see Delia v 1586 N. Blvd. Co., LLC*, 27 AD3d 269 [2006]; *cf. Batton v Elghanayan*, 43 NY2d 898, 899 [1978]). Even assuming that the wooden pallet presented a dangerous condition, the plaintiffs failed to present evidence that the defendant created or had actual or constructive notice of this condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.