In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated April 20, 2007, as granted that branch of the defendant third-party plaintiff’s motion which was for summary judgment dismissing the complaint, granted the third-party defendant’s motion for summary judgment dismissing the third-party complaint, and denied his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the appeal from so much of the order as granted the third-party defendant’s motion for summary judgment dismissing the third-party complaint is dismissed, as the plaintiff is not aggrieved by that portion of the order {see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
*630 Ordered that one bill of costs is awarded to the defendant third-party plaintiff and the third-party defendant.
The plaintiff allegedly sustained personal injuries while working at a construction site when he fell onto a concrete platform as he attempted to get out of a ground-level dumpster that was wet with rain. As part of his duty to remove garbage, the plaintiff had been leveling out garbage in the dumpster before he fell. Contrary to the plaintiffs contention, the defendant made a prima facie showing of its entitlement to summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). The plaintiffs injury is not attributable to the type of elevation-related risk that Labor Law § 240 (1) was enacted to address (see Toefer v Long Is. R.R., 4 NY3d 399, 408-409 [2005]; Georgopulos v Gertz Plaza, Inc., 13 AD3d 478 [2004]). In opposition to the defendant’s motion, the plaintiff failed to raise a triable issue of fact. Moreover, in support of his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), the plaintiff failed to establish, prima facie, that he was entitled to judgment as a matter of law. Accordingly, the Supreme Court correctly granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and correctly denied the plaintiffs cross motion.
The Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). The defendant met its prima facie burden by demonstrating that the dumpster at issue did not constitute an elevated working surface within the meaning of 12 NYCRR 23-1.7 (d) and that the other Industrial Code provisions listed in the plaintiffs bill of particulars were not violated (see Hertel v Hueber-Breuer Constr. Co., Inc., 48 AD3d 1259 [2008]; Farrell v Blue Circle Cement, Inc., 13 AD3d 1178 [2004]; Lessard v Niagara Mohawk Power Corp., 277 AD2d 941 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. The accident here stems not from “a dangerous condition on the premises,” but “from the manner in which the work was being performed” (Keating v Nanuet Bd. of Educ., 40 AD3d 706, 708 [2007]). To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a gen *631 eral contractor or owner must have “authority to supervise or control the performance of the work” (Ortega v Puccia, 57 AD3d 54, 63 [2008]; see Chowdhury v Rodriguez, 57 AD3d 121 [2008]). In opposition to the defendant’s prima facie showing of entitlement to summary judgment dismissing these causes of action, the plaintiff failed to raise a triable issue of fact as to whether the defendant had authority to supervise or control the performance of the plaintiff’s work (see Toefer v Long Is. R.R., 308 AD2d 579, 581 [2003], affd 4 NY3d 399 [2005]; Charles v City of New York, 227 AD2d 429, 430 [1996]; McCague v Walsh Constr., 225 AD2d 530 [1996]).
In light of the foregoing, the parties’ remaining contentions have been rendered academic. Rivera, J.E, Lifson, Covello and Balkin, JJ., concur.