■ PIETRO SETTIMO, Appellant, v CITY OF NEW YORK et al., Respondents. [878 NYS2d 89]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 30, 2007, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it, and granted the separate motion of the defendants New York City Transit Authority and Staten Island Rapid Transit Operating Authority for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered November 16, 2007, which, upon the order, is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff allegedly was injured when, in the course of his employment at a construction site, he slipped and fell down a slope abutting certain railroad tracks, when a tree stump that he used to balance himself gave way. The Supreme Court correctly granted the defendants' separate motions for summary judgment dismissing the complaint. The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to Labor Law § 240 (1) by establishing that the accident did not involve an elevation-related risk (*see Georgopulos v Gertz Plaza, Inc.*, 13 AD3d 478 [2004]; *Bond v York Hunter Constr.*, 270 AD2d 112 [2000], *affd* 95 NY2d 883 [2000]; *Cataudella v Kings Bay Hous. Section II*, 259 AD2d 652 [1999]; *Heizman v Long Is. Light. Co.*, 251 AD2d 289 [1998]). The defendants also made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action pursuant to Labor Law § 241 (6) by demonstrating that the provisions of the Industrial Code upon which the plaintiff relies do not apply to the facts on which his claim is based (*see Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660, 661 [2005]; *Magnuson v Syosset Community Hosp.*, 283 AD2d 404 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact with respect to the defendants' liability pursuant to either of these provisions of the Labor Law.

Further, summary judgment was properly awarded to the defendants New York City Transit Authority (hereinafter NYCTA) and Staten Island Rapid Transit Operating Authority (hereinafter SIRTOA), dismissing the causes of action to recover damages based upon common-law negligence and alleging a violation of Labor Law § 200 insofar as asserted against them. The plaintiff's allegations against NYCTA and SIRTOA were premised on a dangerous condition at the work site, namely, an unsecured tree stump. There was no evidence that NYCTA and SIRTOA had both control over the work site and actual or constructive notice of the dangerous condition, as they must in order for liability to attach under these circumstances (*see Ortega v Puccia*, 57 AD3d 54 [2008]; *Nasuro v PI Assoc., LLC,*

49 AD3d 829 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]). Therefore, NYCTA and SIRTOA met their burden of demonstrating their entitlement to judgment as a matter of law. In opposition, the plaintiff again failed to raise a triable issue of fact. The speculative and conclusory assertions proffered by the plaintiff's experts were insufficient to defeat NYCTA's and SIRTOA's entitlement to summary judgment (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525 [1991]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]; *Leggio v Gearhart*, 294 AD2d 543 [2002]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 16 Misc 3d 1133(A), 2007 NY Slip Op 51681(U).]