■ SABRINA DESSOURCES, Appellant, v GOOD SAMARITAN HOSPITAL et al., Respondents. [885 NYS2d 113]—

In an action to recover damages for medical malpractice, the

plaintiff appeals from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated January 24, 2008, which denied her motion to strike the answer of the defendant Good Samaritan Hospital, and granted the separate cross motions of the defendants for summary judgment dismissing the complaint, and (2) a judgment of the same court dated May 28, 2008, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On July 4, 1997 Dawn Dessources was admitted to the defendant Good Samaritan Hospital (hereinafter Good Samaritan) where she gave birth to her daughter, the plaintiff Sabrina Dessources. The now-deceased Dr. Lawrence J. Rappaport delivered the plaintiff. In the years that followed, Sabrina began to exhibit learning disabilities. The plaintiff, by her mother, commenced this action, alleging that the defendants committed malpractice in delivering her, thereby causing her injuries. Significantly, at her deposition, when asked if any medical personnel ever told her that the infant plaintiff had a brain injury, the mother replied "[n]o."

The plaintiff sought disclosure of her fetal monitoring strips, but Good Samaritan was unable to locate them. Sometime after depositions were completed, the plaintiff moved to strike Good Samaritan's answer on the ground of spoliation of evidence. Good Samaritan opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it. Dr. Rappaport separately cross-moved for summary judgment dismissing the complaint insofar as asserted against him.

In an order dated January 24, 2008 the Supreme Court denied the plaintiff's motion to strike Good Samaritan's answer, and granted the defendants' separate cross motions for summary judgment dismissing the complaint. The court dismissed the action in a judgment dated May 28, 2008. The plaintiff appeals from both the order and the judgment.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the affidavits of two expert physicians, who testified that, after examining the plaintiff's delivery chart and post-delivery records from Good Samaritan, as well as her post-delivery pediatric and school records, they found that the plaintiff showed no sign that she suffered from any brain injury due to oxygen deprivation during her birth. In opposition, the plaintiff failed to raise a triable issue of fact. Her medical expert's speculative assertions as to the cause of her cognitive difficulties are insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Settimo v City of New York*, 61 AD3d 840 [2009]; *Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]; *Langer v BJ's Wholesale Club, Inc.*, 39 AD3d 714 [2007]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Moreover, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to strike Good Samaritan's answer. "The plaintiff failed to establish that the defendant intentionally or negligently failed to preserve crucial evidence after being placed on notice that such evidence might be needed for future litigation" (*Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]).

In any event, even if, under the applicable regulations of the New York State Department of Health and/or its own policies, Good Samaritan was required to keep the fetal monitoring strips intact and failed to, the expert's affidavits showed that in this instance they were not crucial evidence (*cf. Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]). The plaintiff's expert's speculative affidavit to the contrary was insufficient to raise a triable issue of fact as to this question (*see Diaz v New York Downtown Hosp.*, 99 NY2d at 544; *Settimo v City of New York*, 61 AD3d 840 [2009]; *Selmensberger v Kaleida Health*, 45 AD3d at 1436; *Langer v BJ's Wholesale Club, Inc.*, 39 AD3d 714 [2007]). Spolzino, J.P., Florio, Covello and Eng, JJ., concur.