■ LUIS F. ORTIZ, Appellant, v VARSITY HOLDINGS, LLC, et al., Respondents. [906 NYS2d 766]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated December 12, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action to recover damages for a violation of Labor Law § 240 (1), and denied his cross motion, in effect, for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a laborer, alleges that while he stood on or near the ledge of a six-foot high dumpster, rearranging debris from an apartment renovation project that had been placed therein, he slipped and fell backwards onto the sidewalk below, resulting in injuries. It is undisputed that the plaintiff was provided with no safety devices enumerated in Labor Law § 240 (1) during the performance of this work.

We are constrained to affirm the Supreme Court's grant of that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and the denial of the plaintiff's cross motion, in effect, for summary judgment on the issue of liability on that cause of action (*see Monterroza v State Univ. Constr. Fund*, 56 AD3d 629 [2008]; *Georgopulos v Gertz Plaza, Inc.*, 13 AD3d 478 [2004]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.

On the Court's own motion, it is

Ordered that the aggrieved party is granted leave to appeal to the Court of Appeals, if he be so advised, pursuant to CPLR 5602 (a) (1) (i) from the decision and order of this Court affirming, insofar as appealed from, the order of the Supreme Court, Kings County (Schmidt, J.), dated December 12, 2008, and the following question is certified to the Court of Appeals: Was the decision and order of this Court properly made? Questions of law have arisen which, in our opinion, ought to be reviewed by the Court of Appeals (*see* CPLR 5713). Skelos, J.P., Eng, Belen and Austin, JJ., concur.