■ John Mancuso et al., Appellants, v MTA New York City Transit et al., Respondents, et al., Defendant. (And a Third-Party Action.) [914 NYS2d 283]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered October 7, 2009, as denied their motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendants MTA New York City Transit and Granite Construction Northeast, Inc., and granted those branches of the cross motion of those defendants which were for summary judgment dismissing the complaint insofar as asserted against the defendant Granite Construction Northeast, Inc., and so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendant MTA New York City Transit.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants MTA New York City Transit and Granite Construction Northeast, Inc., which was for summary judgment dismissing so much of the complaint as sought to recover damages for common-law negligence insofar as asserted against the defendant Granite Construction Northeast, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff John Mancuso (hereinafter the plaintiff) allegedly was injured when, in the course of his employment for a subcontractor retained by the defendant general contractor Granite Construction Northeast, Inc. (hereinafter Granite), to provide electrical work at a construction site owned by the defendant MTA New York City Transit (hereinafter MTA), the aerial lift he was operating accelerated down a truck ramp. Although the plaintiff did not fall from the aerial lift, he was injured when it collided with a chain link gate and concrete barrier that had been installed at the bottom of the ramp.

MTA and Granite (hereinafter together the respondents) demonstrated their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against them by establishing that the accident did not involve an elevation-related risk. In opposition, the plaintiffs failed to raise a triable issue of fact as to this claim (*see Settimo v City of New York*, 61 AD3d 840, 841 [2009]; *Heizman v Long Is. Light. Co.*, 251 AD2d 289, 291-292 [1998]; *Rojas v County of Nassau*, 210 AD2d 390, 391 [1994]; *see also Dos Santos v Terrace Place Realty, Inc.*, 433 F Supp 2d 326, 332 [2006]).

However, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for common-law negligence insofar as asserted against Granite. Where, as here, the method and manner of the work is at issue, in order to hold a general contractor liable for common-law negligence, it must be shown that the general contractor "had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 130 [2008]). In opposition to the respondents' demonstration of Granite's entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages for common-law negligence claim insofar as asserted against it, the plaintiffs raised a triable issue of fact as to whether Granite had authority to supervise or control the work being performed. Although liability may not be imposed upon a general contractor under Labor Law § 200 or for common-law negligence merely by showing that it had the general authority to supervise all work at a construction or demolition site, stop a subcontractor's work if a safety violation is noted, or ensure compliance with safety regulations and contract specifications (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Peay v New York City School*

*Constr. Auth.*, 35 AD3d 566, 567 [2006]), the plaintiffs raised a triable issue of fact as to whether Granite had the authority directly to evaluate the condition and supervise the use of the equipment that gave rise to the plaintiff's injuries. Granite employed a safety engineer to be present on the construction site on a full-time basis, and to inspect the safety practices of all employees, including those of its subcontractors. Moreover, Granite's safety engineers evaluated the aerial lift units used by Granite's subcontractors to determine whether they met the specifications mandated by Granite, audited Granite's subcontractors to ensure that all employees were properly trained to use the aerial lifts in a safe manner, and had the authority to dismiss a subcontractor's employee from the job site if the employee did not have the required safety training. Therefore, the Supreme Court should have denied that branch of the respondents' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for common-law negligence claim insofar as asserted against Granite. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.