■ DANIEL ANKERS, Respondent, v HORIZON GROUP, LLC, et al., Defendants, and HORIZON AT RIDGE HILL, LLC, et al., Appellants. (And a Third-Party Action.) [35 NYS3d 78]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 13, 2015 which granted plaintiff's motion for partial summary judgment on the question of defendants' Labor Law § 240 (1) liability, and denied defendants Horizon at Ridge Hill LLC, and Azorim at Ridge Hill, Inc.'s cross motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment, to grant defendants' motion for

summary judgment dismissing plaintiff's Labor Law § 241 (6) claim insofar as predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.5, 23-1.7 (a), (c)-(h); 23-1.8, 23-1.23, 23-2.2, 23-4.1, 23-4.3, 23-4.4, 23-4.5, 23-9.2, 23-9.4, 23-9.5 and 23-9.7, and otherwise affirmed, without costs.

Plaintiff was the foreman for third-party Hank Shaw Golf Construction, LLC (Shaw). Shaw was engaged to perform certain plumbing work on the "Horizon at Ridge Hill" project to build condominiums on top of a hill. At the end of the work day, plaintiff went to talk to a co-worker who was operating a Benford motorized wheelbarrow (Benford), which was stopped near the top of the hill. Plaintiff stood on the Benford to talk to his co-worker. The Benford then began to slide down the hill. The operator could neither control nor stop it. In the process, plaintiff either jumped or was thrown from the Benford. He tumbled down the side of the hill, approximately 15 feet, before coming to rest at the bottom of a concrete sand filtration system that had been cut into a level spot on the hillside.

Issues of fact exist here as to whether plaintiff's accident was the result of a gravity-related risk or part of the usual and ordinary dangers of the work site (*see e.g. Settimo v City of New York*, 61 AD3d 840 [2d Dept 2009]). Hence partial summary judgment on plaintiff's Labor Law § 240 (1) claim should have been denied, and summary dismissal of plaintiff's Labor Law § 200 and common law negligence claims was properly denied.

In support of his Labor Law § 241 (6) claims, plaintiff has pleaded violations of numerous sections of the Industrial Code that are either insufficiently specific or are inapplicable to the facts here. Accordingly, insofar as plaintiff's section 241 (6) claims are predicated on violations of sections 23-1.5, 23-1.7 (a), (c)-(h); 23-1.8, 23-1.23, 23-2.2, 23-4.1, 23-4.3, 23-4.4, 23-4.5, 23-9.2, 23-9.4, 23-9.5 and 23-9.7, those claims are dismissed (*see e.g. Mouta v Essex Mkt. Dev. LLC*, 106 AD3d 549, 550 [1st Dept 2013]).

There exist, however, as noted above, issues of fact concerning the exact nature of the hazard facing plaintiff, including whether it was a hazardous opening within the meaning of section 23-1.7 (b), whether safety devices such as those contemplated in sections 23-1.15, 23-1.16 and 23-1.17 could have protected plaintiff and whether the excavation for the sand filtration system conformed with the requirements of section 23-4.2.

We have considered defendants-appellants' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.