■ BROWNIE L. EPPS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 70983.)—In a negligence action to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated November 17, 1987, which dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant Brownie Leroy Epps was an inmate incarcerated at the Camp Beacon correctional facility. He was assigned to a maintenance crew under the supervision of Richard Longenberger, a corrections officer. On November 5, 1984, the claimant was injured while using a power circular saw because the spring-loaded safety guard did not return and cover the blade surface.

We find that the claimant failed to establish that the State had notice, either actual or constructive, of the defective condition of the safety guard (see, Gordon v American Museum of Natural History, 67 NY2d 836; Ferlito v Great S. Bay Assocs., 140 AD2d 408; Stevens v Loblaws Mkt., 27 AD2d 975). The saw in question had been used throughout the entire morning of the accident with no problems encountered by the claimant, Longenberger or anyone else on the maintenance crew.

While the claimant asserts that a prior report of a malfunctioning safety guard had been made to the crew supervisor, there is nothing in the record to indicate that the saw which injured the claimant was the same one involved in the alleged prior report. In addition, it was never shown that the alleged prior malfunction was the result of a defective safety guard. As the claimant acknowledged, the safety guard could have been sticking because of the presence of a piece of wood or debris. Such sticking was a usual occurrence which did not amount to a malfunction or defect requiring repair of the saw.

We note that as the claimant failed to plead violations of the Labor Law and certain safety rules and regulations in his claim, the trial court correctly found that such theories were not properly before it. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.