■ MICHAEL J. VALINOTI et al., Respondents, v SANDVIK SEAMCO, INC., Appellant, et al., Defendants. (And a Third-Party

Action.) [667 NYS2d 344] —Order, Supreme Court, New York County (Norman Ryp, J.), entered June 7, 1996, which, to the extent appealed from, denied defendant-appellant Sandvik Seamco, Inc.'s motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, and the motion granted, with leave to plaintiff to replead a cause of action in common-law negligence.

Plaintiff Michael Valinoti, a United Parcel Service (UPS) employee, was reporting to work at the UPS building in Manhattan when he tripped on a metal welding stick and was injured. Since there was considerable construction and renovation work taking place in the building, involving an overhaul of the conveyor belts used by UPS, plaintiff brought this action alleging violations of Labor Law § 200. The IAS Court denied defendant-appellant's motion for summary judgment. Such denial was in error and we, therefore, reverse and grant the motion with leave to plaintiff to serve an amended complaint alleging common-law negligence, if so advised.

Put succinctly, the issue is whether a plaintiff who has been hired not to work "on" the building construction or renovation, but "at" the building site where renovation is in progress, is within the class of persons protected by the Labor Law. The Court of Appeals has noted: "We have held that in order to invoke the protections afforded by the Labor Law and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290; *Koenig v Patrick Constr. Corp.*, 298 NY 313), a 'plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971)." (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577.)

Thereafter, in a case where the plaintiff, a design engineer, went to a building for the purpose of inspecting damage in order to aid his employer, a contractor, in making an estimate for repair, and was injured when the roof gave way, the Court of Appeals said: "Inasmuch as plaintiff's firm had not been hired to perform any construction work on the premises at the time the accident occurred, plaintiff was not a person 'employed' to carry out the repairs as that term is used in section 200 (1), section 240 (1) and section 241 (6) of the Labor Law (*see, Chabot v Baer*, 55 NY2d 844, *affg* 82 AD2d 928). * * * Accordingly, plaintiff was not within the class of workers that those

statutory provisions were enacted to protect (*see, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577), and he cannot invoke them as a basis for recovery." (*Gibson v Worthington Div.*, 78 NY2d 1108, 1109-1110.)

Likewise, plaintiff herein, who was not working "on" the building renovation, was not a person "employed" to carry out the repairs and therefore was not within the class of workers the statutory provision was enacted to protect. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ. [As amended by unpublished order entered July 16, 1998.]