■ JOSEPHINE L. RIEDEL, Respondent-Appellant, v STEGER MATERIAL HANDLING CO., INC., et al., Appellants-Respondents, et al., Defendants. [678 NYS2d 183] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court

properly denied the cross motions of defendants Steger Material Handling Co., Inc. (Steger Material), and J.G.M. Installation & Service, Inc. (JGM), for summary judgment dismissing the complaint. There is proof from which the trier of fact could conclude that JGM created the condition that caused the accident and that Steger Material is responsible for the negligence of its subcontractor. The question of proximate cause "may be determined by the court as a matter of law only when there is but one conclusion that may be drawn from the facts" (*Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451; *see, Derdiarian v Felix Contr. Co.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784).

The court also properly denied that part of plaintiff's motion to amend the complaint and pierce the corporate veil of Steger Material by adding Richard Steger as a defendant. The corporate form may not be disregarded merely because the assets of the corporation and its insurance are insufficient to assure a potential plaintiff of recovery (*see, Walkovszky v Carlton*, 18 NY2d 414, 419; *Bowles v Errico*, 163 AD2d 771, 773).

The court erred, however, in granting that part of plaintiff's motion seeking to state additional causes of action for alleged violations of Labor Law §§ 200 and 241 (6). Because plaintiff was neither working on the loading dock renovation nor employed to carry out the repairs, she is not within the class of workers protected by those statutes (*see, Gibson v Worthington Div.*, 78 NY2d 1108; *Valinoti v Sandvik Seamco*, 246 AD2d 344). We modify the order, therefore, by denying that part of plaintiff's motion.

Plaintiff's remaining contention is not preserved for our review. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.