■ JAMES SOMERVILLE et al., Respondents, v NATHANIEL H. USDAN et al., Defendants and Third-Party Plaintiffs-Appellants. CITY OF NEW YORK, Third-Party Defendant-Respondent. [683 NYS2d 268] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 1, 1997, as denied (1) their motion for summary judgment dismissing the complaint and any cross claims and counterclaims insofar as asserted against

them, and (2) their cross motion for summary judgment on their third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the cross motion is denied as academic, and the complaint is dismissed.

The plaintiff James Somerville was employed by the New York City Department of Sanitation as a garage worker. His duties included the maintenance and repair of Department of Sanitation vehicles. On April 2, 1991, he was working at premises which were owned by the appellants and which had been leased by the City of New York for the purpose of operating a Department of Sanitation garage. At that time, a construction project was being conducted at the site in order to remove and replace fuel tanks. James Somerville was injured when he tripped over some iron reinforcing rods and fell into a shallow trench which had been excavated as part of the construction work. He subsequently commenced this action against the appellants. Following discovery, the appellants moved for summary judgment dismissing the complaint, and thereafter cross-moved for summary judgment on their third-party claims against the City of New York for indemnification. The Supreme Court denied their motions. We reverse.

The appellants correctly contend that the plaintiffs failed to adequately plead any Labor Law claim in their amended complaint, inasmuch as no specific section of the Labor Law was cited therein (*see generally, Epps v State of New York,* 151 AD2d 545). Moreover, the plaintiffs' pleadings failed to identify any specific safety regulation which allegedly was violated in this case (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rojas v County of Nassau,* 210 AD2d 390). In any event, even if we were to consider the plaintiffs' belated attempt to further amend the complaint, summary judgment in favor of the appellants would still be warranted. The injured plaintiff clearly was not within the class of workers protected by Labor Law §§ 200, 240 (1) and § 241 (6) (*see, Jock v Fien,* 80 NY2d 965; *Gibson v Worthington Div.,* 78 NY2d 1108; *Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573; *Agli v Turner Constr. Co.,* 246 AD2d 16; *Valinoti v Sandvik Seamco,* 246 AD2d 344; *Koch v E.C.H. Holding Corp.,* 248 AD2d 510; *Shields v St. Marks Hous. Assocs.,* 230 AD2d 903). Additionally, no recovery is available pursuant to Labor Law § 200 or a theory of common-law negligence because the appellants exercised no supervision or control over the construction work (*see, Lombardi v Stout,* 80 NY2d 290; *Bratton v J.L.G. Indus.,* 247 AD2d 571), and the

injury-producing incident did not result from an elevation-related risk as contemplated under Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Rocovich v Consolidated Edison Co.,* 78 NY2d 509).

As correctly conceded by the counsel for the appellants at the oral argument of this appeal, in view of the dismissal of the complaint, the issues raised with respect to the cross motion for summary judgment on the third-party complaint are academic. Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.