■ JEFFREY MAGNUSON et al., Appellants, v SYOSSET COMMUNITY HOSPITAL et al., Respondents. [725 NYS2d 55] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 10, 1999, as, upon reargument, granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff (hereinafter the plaintiff), an employee of Long Island Lighting Company (hereinafter LILCO), fell into a three-foot deep hole while he was repairing a gas leak on the defendants' property. LILCO had been notified of the gas leak by a construction crew that was working near the defendants' property. The plaintiff, his foreman, and a co-worker had gone to this area to repair the leak, and the plaintiff dug two holes to detect the location of the leak. When he was about two feet away from one of the holes, the side of it gave way, causing him to fall into it. The plaintiffs then commenced this action, alleging violations of Labor Law §§ 200, 240 (1), § 241 (6), and common-law negligence. On reargument, the Supreme Court, *inter alia*, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff was not an employee of an "owner, contractor, or their agent," and therefore was not covered by the relevant Labor Law statutes. We affirm, although for reasons other than those stated by the Supreme Court.

The plaintiff cannot recover damages under Labor Law § 240 (1) because his work did not involve an elevation-related hazard contemplated by that statute (*see, Somerville v Usdan,* 255 AD2d 500).

Moreover, the plaintiff's cause of action pursuant to Labor Law § 241 (6) was properly dismissed since the Industrial Code provisions upon which he relies are not applicable to this case. A cause of action against a non-supervising owner must allege the violation of a specific, rather than a general, safety standard (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). The general safety regulations established by the Labor Commissioner upon which the plaintiff relies are inadequate to sustain his claim. Moreover, the allegations that the defendants violated the specific safety standards set forth in 12 NYCRR 23-4.2 *et seq.,* are insufficient to sustain a cause of action because those regulations concern the shoring and stabilization of trenches and excavations "five feet or more in depth," and thus are inapplicable to this case.

Finally, the Labor Law § 200 and common-law negligence causes of action were properly dismissed because there is no evidence that the defendants supervised or controlled the plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876).

The appellants' remaining contention is without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.