■ DALE MILLER et al., Appellants, v LAWRENCE WEEDEN et al., Defendants, and ROYALTY CARPET DRAPERY UPHOLSTERY CLEANING, INC., Respondent. [777 NYS2d 516]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated

June 11, 2003, as granted those branches of the motion of the defendant Royalty Carpet Drapery Upholstery Cleaning, Inc., which were for summary judgment dismissing the plaintiffs' causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Lawrence Weeden and Debra Weeden are the owners of a single-family home located in Dutchess County. After a furnace malfunction, the Weedens' homeowners' insurer dispatched the defendant Royalty Carpet Drapery Upholstery Cleaning, Inc. (hereinafter Royalty), to clean the soot that had been discharged into the house. Royalty, in turn, hired Tri-County Maintenance (hereinafter Tri-County) to clean the furnace ducts. The plaintiff Dale Miller (hereinafter the plaintiff), an employee of Tri-County, allegedly sustained physical injuries when he stepped into a septic pump hole in the Weedens' basement while inspecting the heat ducts. He and his wife commenced this action against the Weedens and Royalty, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240 (1). Royalty moved for summary judgment dismissing the plaintiffs' causes of action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 240 (1) insofar as asserted against it. The Supreme Court granted Royalty's motion, and we affirm insofar as appealed from.

The Supreme Court properly dismissed the plaintiffs' causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against Royalty, as Royalty established that it exercised no supervision and control over the work performed at the site and had no notice of the septic pump hole into which the plaintiff fell (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Giambalvo v Chemical Bank,* 260 AD2d 432, 433 [1999]; *Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394 [1997]; *cf. Kerins v Vassar Coll.,* 293 AD2d 514, 515 [2002]). In response to Royalty's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether Royalty had the requisite authority to supervise or control the work being performed (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

The Supreme Court also properly dismissed the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Royalty. The plaintiff stepped into an uncovered hole that was approximately two feet wide by three

feet deep. He was not working on a ladder or at an elevated job site. Because the worksite was at ground level, the scaffolding, hoists, ladders, and other protective devices required under Labor Law § 240 (1) were inapplicable (*see Wells v British Am. Dev. Corp.*, 2 AD3d 1141 [2003]; *Paolangeli v Cornell Univ.*, 296 AD2d 691 [2002]; *Magnuson v Syosset Community Hosp.*, 283 AD2d 404 [2001]). A hole of these dimensions does not present an elevation-related hazard to which the protective devices enumerated therein are designed to apply (*see Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578 [2003]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]). Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.