■ JERRY D. ASH, Appellant, et al., Petitioners, v KEVIN SCANLON, as President of the New York State Court Clerks Association, et al., Respondents. [796 NYS2d 362]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered May 4, 2004, which, in a proceeding under Labor Law article 20-A, denied petitioner union member's motion to compel

respondent union to make its books and records available for his inspection, unanimously affirmed, without costs.

The motion court correctly held that 12 NYCRR 550-2.1 does not confer a private right of action upon a union member to compel his or her union to make its books and records available for inspection. Labor Law § 726, entitled "Financial reporting," requires a union to "make available to each of its members a copy of its annual financial report . . . in such manner as the [Commissioner of Labor] shall prescribe." Labor Law § 727, entitled "Accounting requirements," requires unions to "maintain detailed and accurate books and records of account in conformity with generally accepted accounting principles and in accordance with standards prescribed by the [Commissioner of Labor]," and authorizes the Commissioner of Labor to examine a union's books and records or make such other investigation as is necessary "when [s]he has reasonable cause to believe that the required accounting standards have not been maintained or that the books and records do not accurately reflect the [union's] financial condition and financial transactions." (Labor Law § 727 [1], [2].) 12 NYCRR 550-2.1, entitled "Financial reports," sets forth the manner in which unions must prepare their financial reports and make them available to their members, and additionally provides that every union "shall be under a duty to permit its members for just cause to examine any books, records and accounts necessary to verify the annual financial report." Labor Law § 728, entitled "Enforcement of financial reporting and accounting duties," provides that if a union fails to comply with sections 726 or 727, the Commissioner of Labor "may issue an order directing compliance," and if the order is not complied with, "there may be instituted in the name of the people of the state a proceeding to compel compliance with these sections." (Labor Law § 728 [4].) We find that under this statutory scheme, only the Department of Labor has the right to commence a proceeding against a union for violations of its obligations under sections 726 and 727, and that if a union member wants to inspect his or her union's books and records pursuant to 12 NYCRR 550-2.1, he or she must persuade the Department of Labor that there is good cause to do so: Labor Law § 725, entitled "Enforcement of fiduciary obligations," does not avail petitioner. While that section confers upon a union member a private right of action to enforce a union officer's fiduciary obligations provided in sections 722 and 723, it does not confer standing to privately enforce the same officer's financial reporting and accounting obligations under sections 726 and 727. Notably, the petition does not allege any specific violations of sections 722 or 723. We have

considered petitioner's other arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Ellerin, JJ. [*See* 3 Misc 3d 254 (2004).]