*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    518293
_____

STEPHANIE L. ZITO,

                    Appellant,

        v

NEW YORK CITY OFFICE OF PAYROLL          MEMORANDUM AND ORDER
    ADMINISTRATION et al.,
                    Respondents,
                    et al.,
                    Defendant.
_____

Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____

        Stephanie L. Zito, Davenport, appellant pro se.

        Zachary W. Carter, Corporation Counsel, New York City
(Elizabeth I. Freedman of counsel), for New York City Office of
Payroll Administration and others, respondents.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Lambert, J.),
entered December 6, 2013 in Delaware County, which, among other
things, granted defendants' motions to dismiss the complaint.

        From 1987 through 1992, plaintiff was employed part time by
defendant New York City Department of Education (hereinafter DOE)
as a substitute teacher and was required to pay a Federal
Insurance Contributions Act (hereinafter FICA) tax on her
earnings.  In 1988, the Court of Appeals held that part-time city
employees were entitled to join the New York City Employees'
Retirement System (see Doctors Council v New York City Employees'

Retirement Sys., 71 NY2d 669, 677 [1988]) and, as a result of that decision, the Social Security Administration and the Internal Revenue Service determined that part-time city employees were entitled to a refund of FICA taxes that they had erroneously paid. To obtain the refund, eligible part-time employees were required to sign a consent form authorizing defendant New York City Office of Payroll Administration (hereinafter OPA) to apply for the refund on his or her behalf.

With assistance from DOE and defendant United Federation of Teachers (hereinafter UFT), OPA identified plaintiff as an employee eligible for the refund and mailed letters to her last known address in 1994, 1997 and 1998, requesting that she complete and return the enclosed claim authorization form. Plaintiff, who had moved in 1992, never received the letters and, thus, did not submit a claim authorization form before the Internal Revenue Service and the Social Security Administration ceased accepting refund claims in 2006. Plaintiff learned of the refund program in 2007 and, in the years that followed, made numerous unsuccessful efforts to obtain her refund.

Plaintiff commenced this action against DOE, OPA and defendants New York City Comptroller John C. Liu and former New York City Comptroller William C. Thompson Jr. (hereinafter collectively referred to as the City defendants), as well as UFT, asserting causes of action sounding in, among other things, negligence and breach of fiduciary duty. The City defendants and UFT separately moved to dismiss the complaint, and plaintiff moved for a default judgment against the City defendants on the basis that their motion was untimely served. Supreme Court denied plaintiff's motion and granted defendants' motions. Plaintiff appeals.[1]

We affirm, albeit primarily on different grounds than relied upon by Supreme Court. Initially, the causes of action sounding in negligence, fraud, breach of fiduciary duty and

_____

[1] This Court granted plaintiff's motion to withdraw and discontinue her appeal against UFT (2015 NY Slip Op 65159[U] [2015]).

breach of the duty of fair representation – specifically, the second, third, fourth and seventh causes of action – must be dismissed against the City defendants because plaintiff did not serve a notice of claim upon them (see General Municipal Law § 50-e [1] [a]; Montano v City of Watervliet, 47 AD3d 1106, 1109 [2008]; Serkil, L.L.C. v City of Troy, 259 AD2d 920, 922 [1999], lv denied 93 NY2d 811 [1999]).  Indeed, service of a notice of claim upon a municipality is a condition precedent to maintaining a tort claim against municipal defendants (see General Municipal Law §§ 50-e [1] [a]; 50-i [1]; Barchet v New York City Tr. Auth., 20 NY2d 1, 4 [1967]; Smith v Town of Long Lake, 40 AD3d 1381, 1384 [2007]; Matter of Tara V. v County of Otsego, 12 AD3d 984, 985 [2004]).

Plaintiff's remaining causes of action must be dismissed for failure to state a claim.  In resolving a motion to dismiss for failure to state a cause of action, we "liberally construe the complaint, 'accept the facts as alleged in the complaint as true, accord [the] plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Beesmer v Besicorp Dev., Inc., 72 AD3d 1460, 1461-1462 [2010], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994] [internal citation omitted]).  However, we will not accept as true factual allegations and legal conclusions that are "'inherently incredible or flatly contradicted by documentary evidence'" (Mesiti v Mongiello, 84 AD3d 1547, 1549 [2011], quoting Quail Ridge Assoc. v Chemical Bank, 162 AD2d 917, 918 [1990], lv dismissed 76 NY2d 936 [1990]).

Applying these principles here, we conclude that plaintiff's first, fifth, sixth and eighth causes of action fail to state a claim.  In her first cause of action, plaintiff merely alleges damages, without specifying how she is legally entitled to them (see Union Brokerage v Dover Ins. Co., 97 AD2d 732, 733 [1983]).  Plaintiff's fifth cause of action, in which she alleged that OPA, Thompson and Liu violated their duties "in the management and disposition of corporate assets committed to [their] charge" (Banking Law § 7017 [1] [a] [1]), also fails, as plaintiff did not timely authorize the United States Treasury to release her FICA refund to OPA.  As for her sixth cause of

action, even if properly asserted against OPA and DOE, Labor Law § 727 does not provide plaintiff with a private right of action to enforce a union "officer's financial reporting and accounting obligations" (Ash v Scanlon, 19 AD3d 187, 188 [2005]).  Finally, plaintiff's eighth cause of action, which alleged that the City defendants violated the Court of Appeals' ruling in Doctors Council v New York City Employees' Retirement Sys. (71 NY2d 669 [1988], supra), patently lacks merit because OPA obtained plaintiff's last known address from DOE and UFT, sent a claim authorization form to this address on three separate occasions and obtained FICA refunds for eligible employees who completed and returned the form.  Accordingly, the City defendants' motion to dismiss the complaint was properly granted.

Plaintiff's remaining contentions, to the extent they have not been rendered academic by our decision, have been considered and rejected.

Lahtinen, Garry and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court