Balfe v Graham (2023 NY Slip Op 01172)

Balfe v Graham

2023 NY Slip Op 01172

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-04454
 (Index No. 1279/13)

[*1]Thomas Balfe, appellant, 
v
Kenneth Graham, et al., defendants, Old World Quality Corp., respondent (and a third-party action).

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Gregory S. Katz of counsel), for respondent.
Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for defendant J. Delucia Plumbing & Heating, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated May 28, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Old World Quality Corp. which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2011, the plaintiff allegedly was injured while installing ductwork in the basement of a residential construction site when he stepped backwards into a hole that had been cut out of the basement's concrete floor to allow for installation of an ejector pump. The plaintiff commenced this action against, among others, the defendant Old World Quality Corp. (hereinafter Old World), which was the general contractor, alleging causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Old World moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated May 28, 2020, the Supreme Court, among other things, granted that branch of Old World's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374), and "was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]). However, Labor Law § 240(1) does "not encompass any and all perils that [*2]may be connected in some tangential way with the effects of gravity" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501 [emphasis omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7).
Here, Old World established, prima facie, that the plaintiff's accident was not the result of an elevation-related hazard encompassed by Labor Law § 240(1) (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514-515; Miller v Weeden, 7 AD3d 684, 685-686; Paolangeli v Cornell Univ., 296 AD2d 691, 692; Alvia v Tenman Elec. Contr., 287 AD2d 421, 422; Magnuson v Syosset Community Hosp., 283 AD2d 404, 405; D'Egidio v Frontier Ins. Co., 270 AD2d 763, 766). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of Old World's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court