## Lee v Mom's Apt. Rentals LLC

2025 NY Slip Op 34135(U)

November 7, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2025000817

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
11th day of July 2025.

PRESENT:   HON. EUGENE D. FAUGHNAN
           Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BROOME

---

DESTINY LEE,

                                        Plaintiff,

            vs.

MOM'S APARTMENT RENTALS LLC,
and FRANCINE TOTH,

                                        Defendants.

---

**DECISION AND ORDER**


Index No. EFCA2025000817

APPEARANCES:

Counsel for Plaintiff:          JOSEPH LEATHEM LEAHY, ESQ.
                                Morgan & Morgan New York PLLC
                                199 Water Street, 15th Floor
                                New York, New York 10038

Counsel for Defendant Toth:     MEGAN C. BRADY, ESQ.
                                Martyn, Smith, Murray & Yong, Esqs.
                                PO Box 6835
                                Scranton, Pennsylvania 18505-6835


                                MATTHEW M. BECKER, ESQ.
                                Law Office of Santacrose, Frary & Whiting
                                PO Box 6835
                                Scranton, Pennsylvania 18505-6835


Counsel for Defendant Mom's     ALEXANDER D. RACKETA, ESQ.
Apartment Rentals, LLC          Hinman, Howard & Kattell, LLP
                                PO Box 5250
                                Binghamton, New York 13902-5250

[* 1]

<u>**EUGENE D. FAUGHNAN, J.S.C.**</u>

This matter is before the Court upon the pre-Answer motion of Defendant Francine Toth ("Ms. Toth") to dismiss the complaint of Plaintiff Destiny Lee ("Plaintiff") pursuant to CPLR 3211(a)(1) and (7). Plaintiff opposed the motion and also filed a cross-motion seeking to amend the Complaint to add Michael Toth ("Mr. Toth") as a defendant and add causes of action against both Toths for negligence, as well as causes of action seeking to pierce the corporate veil of Defendant Mom's Apartment Rentals, LLC ("the LLC"). Oral argument was conducted on July 11, 2025 and counsel for Plaintiff and counsel for Ms. Toth were present. After due deliberation, this constitutes the Court's Decision and Order with respect to the pending motions.[1]

## <u>BACKGROUND FACTS</u>

This matter arises from an alleged slip and fall accident which occurred on July 23, 2024 at 69 Park Avenue in the City of Binghamton, and resulted in personal injuries to the Plaintiff. A Summons and Complaint were filed on March 14, 2025. The Complaint alleges that Defendants' negligence caused her to sustain personal injuries, although it does not provide specific details about what was alleged to have occurred. On May 27, 2025, Ms. Toth filed a pre-Answer motion to dismiss pursuant to CPLR 3211(a)(1), a defense founded upon documentary evidence, and pursuant to CPLR 3211(a)(7), failure to state a cause of action.[2]

Plaintiff opposed the motion to dismiss and simultaneously filed a cross-motion to amend the Complaint, seeking to add claims and also to add a Defendant, Michael Toth. Plaintiff has submitted a proposed Amended Complaint in its cross motion. Ms. Toth's attorney filed a reply to the cross-motion and in further support of the motion to dismiss. Plaintiff's attorney filed an affirmation in response to Ms. Toth's opposition. The LLC did not take a position on the motions, but did file an Answer to the Complaint on June 13, 2025.

---

[1] All the papers filed in connection with the motion and cross-motion are included in the NYSCEF electronic case file and have been considered by the Court.

[2] Ms. Toth filed an earlier motion to dismiss a few days earlier, on May 22, 2025, which was withdrawn on May 23, 2025. There is little, or no, substantive difference in the motions.

1

The real property is owned by Mom's Apartment Rentals, LLC. Ms. Toth transferred the property to the LLC on January 4, 2024. Ms. Toth's motion to dismiss is based on the fact that she does not currently own the property, nor did she own it on the date of the accident (July 23, 2024). The motion to dismiss attached a copy of the deed as evidence. (NYSCEF Doc. No. 17). In addition, Ms. Toth included a copy of the LLC's operating agreement. (NYSCEF Doc. No. 16). Ms. Toth and Mr. Toth are the only members of the LLC and the agreement states that members "shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL" and members "shall not be liable to the Company for a breach of duty in such capacity, unless otherwise provided by law." (Id. at ¶¶ 15,16). Therefore, Ms. Toth argues, she can have no personal liability for Plaintiff's alleged injuries because she did not own the property when Plaintiff was injured.

Plaintiff argues she should be able to amend her Complaint to add claims to pierce the corporate veil of the LLC and add causes of action for negligence on the part of the Toths individually. She claims that the LLC was not operated as a legitimate business entity, but was actually just an alter ego for the Toths who were using an asset of the LLC for personal use. She also argues it is appropriate to pierce the corporate veil because the Toths exercised complete domination of the LLC and the domination was used to commit a fraud or wrong against her in that the LLC was undercapitalized and the Toths failed to maintain insurance on the real property where Plaintiff was allegedly injured, as well the Toths being negligent in making repairs.

## LEGAL DISCUSSION AND ANALYSIS

The Court will address Plaintiff's motion to amend the Complaint first, as the resolution of that motion will necessarily affect the determination of the claims to which Ms. Toth's motion to dismiss is addressed.

### Plaintiff's cross-motion to amend the complaint

"Pursuant to CPLR 3025 (b), a party may amend its pleadings 'at any time by leave of [the] court,' which 'shall be freely given upon such terms as may be just'" *NYAHSA Servs., Inc. Self-Ins. Trust v. People Care Inc.*, 156 AD3d 99, 102 (3rd Dept. 2017), *quoting Kimso Apts.,*

2

*LLC v. Gandhi*, 24 NY3d 403, 411 (2014); *Walden v. Varricchio*, 195 AD3d 1111 (3rd Dept. 2021). "When leave is sought to amend a pleading, 'the movant need not establish the merits of the proposed amendment and, in the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445, 1446 (3rd Dept. 2018), *quoting Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d 1263, 1265-1266 (3rd Dept. 2018); *Passeri v. Brody*, 199 AD3d 1260, 1261 (3rd Dept. 2021); *Gulfstream Anesthesia Consultants, P.A. v. Cortland Regional Med. Ctr., Inc.*, 165 AD3d 1430 (3rd Dept. 2018); *NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc.*, 156 AD3d at 102. "Prejudice is more than the mere exposure of the party to greater liability [and] [r]ather, there must be some indication that the party has been hindered in the preparation of the party's case or has been prevented from taking some measure in support of its position. The burden of establishing prejudice is on the party opposing the amendment" *Kimso Apts., LLC v. Gandhi*, 24 NY3d at 411 (internal quotation marks, brackets, citations and end citations omitted); *Tardi v. Casler-Bladek*, 216 AD3d 1267 (3rd Dept. 2023); *Lilley v. Greene Cent. Sch. Dist.*, 187 AD3d 1384 (3rd Dept. 2020); *see, Verdi v. SP Irving Owner, LLC*, 227 AD3d 932 (2nd Dept. 2024); *Lakeview Outlets Inc. v. Town of Malta*, 166 AD3d 1445. "The decision to grant leave to amend a complaint is within the trial court's sound discretion and will not be disturbed absent a clear abuse of that discretion" *Place v. Preferred Mut. Ins. Co.*, 190 AD3d 1208, 1212 (3rd Dept. 2021) (internal quotation marks and citations omitted); *Walden v. Varricchio*, 195 AD3d at 1112-1113; *Green Tree Servicing, LLC v. Feller*, 159 AD3d 1246 (3rd Dept. 2018); *Cowsert v. Macy's E., Inc.*, 74 AD3d 1444 (3rd Dept. 2010); *Gersten-Hillman Agency v. Heyman*, 68 AD3d 1284 (3rd Dept. 2009).

The Court will first address the issue of whether Defendant would be prejudiced by the proposed amendments. The burden is on Defendant, Ms. Toth, to show prejudice (*Kimso Apts., LLC v. Gandhi*, 24 NY3d 403). The proposed amendments add a cause of action for personal liability against Ms. Toth and add causes of action to pierce the corporate veil of the LLC. They are based on the same set of facts that were present in the original Complaint, and the motion for the proposed amendments comes before Ms. Toth has answered the Complaint. There is no indication Ms. Toth has been hindered in any way from defending herself in this matter. Nor does she allege any prejudice or surprise in her motion papers. As a result, the Court concludes

3

that Ms. Toth has not met her burden of showing prejudice, or surprise, resulting from the proposed amendments. With regard to Mr. Toth, as he is not yet a party, the statute of limitations has not run, and the matter was commenced only a few months ago, so there can be no prejudice or surprise prohibiting him from being added as a party, since it is a new case as to him.

In addition to the discussion above, in order to avoid a waste of judicial resources, a proposed amendment must also have some basic validity (it can't be palpably insufficient or patently devoid of merit). For example, if a claim is utterly refuted by documentary evidence [*41 N. 73 W., Inc. v. Westair Aviation Servs., LLC*, 77 AD3d 707 (2nd Dept. 2010)] or is otherwise facially defective [*see e.g., Kalivia Food Corp. v. Hunts Point Coop. Mkt.*, 244 AD2d 460 (2nd Dept. 1997)], it would be pointless to permit an amendment. Similarly, if a proposed amendment would be barred by the statute of limitations, it is "palpably insufficient or patently devoid of merit" *Belair Care Ctr., Inc. v. Cool Insuring Agency, Inc.*, 161 AD3d at 1266.

Plaintiff's proposed Amended Complaint seeks to add causes of action to pierce the corporate veil of the LLC which would allow for potential personal liability on the part of the individual defendants. Plaintiff's causes of action to pierce the corporate veil include the following allegations relating to both Toths:

- The LLC was undercapitalized and lacked sufficient insurance to meet its liabilities or obligations;
- The Toths dominated and controlled the LLC to such a degree that the LLC was a mere instrumentality or alter ego of the Toths;
- Rental income was deposited into personal accounts and not the LLC's;
- The Toths failed to maintain a separate bank account for the LLC;
- The Toths used the LLC to pay for personal expenses and as their personal residence;
- The Toths undertook or directed negligent repairs to the premises at 69 Park Avenue which resulted in injury to the Plaintiff; and
- The LLC was formed to avoid personal liability for the Toths' wrongful conduct.

(Plaintiff's proposed Amended Complaint, NYSCEF Doc. No. 25, ¶¶ 93 to 117)

One of the main attractions of any LLC formation is its limited personal liability, and "a member of a limited liability company ... is [not] liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely

4

by reason of being such member … in such capacity[y] or participating (as an employee, consultant, contractor or otherwise) in the conduct of the business of the limited liability company" Limited Liability Corporations Law § 609(a). However, that protection is not without limitation and "[b]roadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity" *Cortlandt St. Recovery Corp. v. Bonderman*, 31 NY3d 30, 47 (2018) (internal quotation marks and end citation omitted). When appropriate, the obligations that would be owed by the corporation or LLC can be shifted to its owners or members. Piercing the corporate veil "requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" *Morris v. New York State Dept. of Taxation and Finance*, 82 NY2d 135, 141 (1993). Piercing the corporate veil is a fact laden claim and "is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" *Cortlandt St. Recovery Corp v. Bonderman*, 31 NY3d at 47. While "the corporate form may not be disregarded merely because the assets of the corporation and its insurance are insufficient to assure a potential plaintiff of recovery," [*Riedel v. Steger Material Handling Co.*, 254 AD2d 819 (4th Dept. 1998)], Plaintiff's proposed amendments include enough additional allegations to sustain her motion to amend the complaint. She essentially claims that Ms. Toth and Mr. Toth abused the privilege of doing business in the corporate form and their actions resulted in negligent repairs which left the premises in a dangerous condition leading to Plaintiff's injuries, and/or show that the LLC was a sham entity. Further, the lack of property insurance or the LLC's financial ability to cover claims against it also justify going beyond the corporation. Ms. Toth's argument that Plaintiff has failed to provide any proof of these allegations is not relevant at this stage as Plaintiff is not required to prove the allegations on a motion to amend, but only to allege facts that if proven would entitle her to relief. In this Court's view, she has done that. *See, Cortlandt St. Recovery Corp v. Bonderman*, 31 NY3d 30.

Based on the foregoing, the proposed amendments are not palpably insufficient or patently devoid of merit, nor has Ms. Toth established any prejudice that would result from the amendment. Therefore, the amendments are permitted, subject to consideration of Defendant Toth's motion to dismiss, which will now be addressed.

5

[* 6]

## Defendant's Motion to Dismiss

Although Ms. Toth's motion to dismiss was based on the original complaint, her reply papers do address the amendments proposed by Plaintiff. Defendant continues her arguments to dismiss the original claims and has also been able to argue against the proposed Amended Complaint. As such, the Court will address Ms. Toth's motion as it relates to the causes of action against her in both the original and proposed amended complaint.

It is well established that "[o]n a motion to dismiss made pursuant to CPLR 3211, a court should construe the pleadings liberally, accept the allegations as true and afford the party opposing the motion the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory" *T. Lemme Mech., Inc. v. Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 (3ʳᵈ Dept. 2008) (citations omitted); *see, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11, 19 (2005); *Leon v. Martinez*, 84 NY2d 83, 87 (1994); *NYAHSA Servs., Inc., Self-Ins. Trust v. People Care Inc.*, 141 AD3d 785 (3ʳᵈ Dept. 2016); *Kreamer v. Town of Oxford*, 91 AD3d 1157 (3ʳᵈ Dept. 2012); *Stainless Broad. Co. v. Clear Channel Broad. Licenses, L.P.*, 58 AD3d 1010 (3ʳᵈ Dept. 2009). The liberal interpretation of the pleading is not without limits and "[n]otwithstanding the broad pleading standard, bare legal conclusions with no factual specificity do not suffice to withstand a motion to dismiss... [and] '[d]ismissal ... is warranted if the [pleading] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" *Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 155 AD3d 1218, 1219 (3ʳᵈ Dept. 2017) [internal citations omitted], *quoting Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 (2017). Furthermore, the court also need not "accept as true factual allegations and legal conclusions that are 'inherently incredible or flatly contradicted by documentary evidence'" *Zito v. New York City Off. of Payroll Admin.*, 130 AD3d 1326, 1328 (3ʳᵈ Dept. 2015), *quoting Mesiti v. Mongiello*, 84 AD3d 1547, 1549 (3ʳᵈ Dept. 2011).

The evidence and conclusions that can be drawn on a CPLR 3211 (a)(7) motion are narrow. "The grounds for dismissal under CPLR 3211 (a)(7) are ... strictly limited; the court is not allowed to render a determination upon a thorough review of the relevant facts adduced by both parties, but rather is substantially more constrained in its review, examining only the plaintiff's pleadings and affidavits" *Carr v. Wegmans Food Mkts., Inc.*, 182 AD3d 667, 668 (3ʳᵈ

6

Dept. 2020) *citing Rovello v. Orofino Realty Co.*, 40 NY2d 633, 635, (1976); *Sokol v. Leader*, 74 AD3d 1180, 1181 (2nd Dept. 2010). "The 'sole criterion' under a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7) is whether, 'from the pleading's four corners, factual allegations are discerned which taken together manifest any cause of action cognizable at law'" *Doller v. Prescott*, 167 AD3d 1298, 1299 (3rd Dept. 2018)(internal brackets omitted), *quoting People v. Coventry First LLC*, 13 NY3d 108, 115 (2009).

"[T]he ultimate criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" *Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 AD3d 1314, 1315 (3rd Dept. 2009), *quoting Leon v. Martinez*, 84 NY2d at 88. The court should not make factual determinations on a motion to dismiss. *See, Matter of Niagara Mohawk Power Corp. v. State*, 300 AD2d 949 (3rd Dept. 2002). Whether the Complaint will withstand a later motion for summary judgment, or whether Plaintiff will ultimately be able to prove the claims at trial, does not play any part in the determination. *See, EBC I, Inc. v. Goldman Sachs & Co.*, 5 NY3d 11; *E.W. v. Madison-Oneida Bd. of Coop. Educ. Servs.*, 232 AD3d 1163 (3rd Dept. 2024); *Brown v. University of Rochester*, 224 AD3d 1180 (3rd Dept. 2024); *Duffy v. Baldwin*, 183 AD3d 1053 (3rd Dept. 2020). All that matters is that the facts alleged fit within some cognizable theory.

In addition to moving for dismissal for failure to state a cause of action under CPLR 3211(a)(7), a defendant may move for dismissal based on documentary evidence, pursuant to CPLR 3211(a)(1). "A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the ... claim'" *Fontanetta v. John Doe 1*, 73 AD3d 78, 83-84 (2nd Dept. 2010), *quoting Fortis Fin. Servs., LLC v. Fimat Futures USA, Inc.*, 290 AD2d 383, 383 (1st Dept. 2002); *see, Leon v. Martinez*, 84 NY2d 83; *Jenkins v. Jenkins*, 145 AD3d 1231 (3rd Dept. 2016); *Haire v. Bonelli*, 57 AD3d 1354 (3rd Dept. 2008). The statute does not define "documentary evidence", but "it is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" *Fontanetta v. John Doe 1*, 73 AD3d at 84-85; *see Koziatek v. SJB Dev. Inc.*, 172 AD3d 1486 (3rd Dept. 2019). If the "factual claims ... are flatly contradicted by documentary evidence", then dismissal may be warranted. *Hyman v. Schwartz*, 127 AD3d 1281, 1283 (3rd Dept. 2015) *quoting DerOhannesian*

7

*v. City of Albany*, 110 AD3d 1288, 1289 (3rd Dept. 2013); *Ozdemir v. Caithness Corp.*, 285 AD2d 961, 963 (3rd Dept. 2001).

The distinction between CPLR 3211(a)(1) and (a)(7) can become blurred in some situations. "When documentary evidence is submitted by a defendant, 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one" *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 (1st Dept. 2014), *quoting* John R. Higgitt, CPLR 3211[a][7] and [a][7] Dismissal Motions-Pitfalls and Pointers, 83 NY St. BJ 32, 33 (2011). That is because the documentary evidence is being used to conclusively establish that no cause of action exists. *See, e.g. Maldonado v. DiBre*, 140 AD3d 1501 (3rd Dept. 2016). Dismissal would be appropriate even though the Complaint might be well pleaded and state a cognizable cause of action, but the indisputable documentary evidence shows that Plaintiff cannot prevail on the claim. Documentary evidence can be used to support a motion to dismiss under CPLR 3211(a)(7), but documentary proof is certainly not the only foundation for a motion to dismiss for failure to state a cause of action. Ms. Toth has raised both sections to support the motion to dismiss.

Here, Ms. Toth relies on the deed transfer to argue she has no personal liability for any alleged injury sustained at 69 Park Avenue. A deed is the type of proof that could be used in a motion under CPLR 3211(a)(1) and in this case, it conclusively establishes that Ms. Toth was not the owner of the property on the date of accident, having transferred it about 6 ½ months earlier. The transfer could not have been fraudulent to avoid liability for a fall that had not occurred. Therefore, she does not have premises liability for property that she did not own. Plaintiff has advanced allegations of Ms. Toth's liability, including negligent repairs and/or not maintaining the property in a safe condition, but those contentions are included in the Fifth Cause of Action of the proposed Amended Complaint concerning piercing the corporate veil. As decided above, Plaintiff's Complaint and Amended Complaint contain allegations that are sufficient to state a cause of action for piercing the corporate veil, and any liability would be through that legal determination, as opposed to regular premises liability, since she is not an owner. Therefore, the Second Cause of Action, which is based on her individual negligence as an owner, or making negligent repairs, is legally insufficient. If she made negligent repairs on behalf of the LLC, or was otherwise negligent in her LLC actions, then liability might be established if the corporate veil can be pierced, as sought by the Fifth Cause of Action.

8

The same discussion and analysis applies to the Third Cause of Action of the Amended Complaint against Michael Toth. Although he is not a party to the action yet, and has not made any arguments with respect to the Amended Complaint, the Court's consideration of Plaintiff's motion to file an Amended Complaint necessarily involves review of the proposed new defendant and new causes of action. For the same reasons as in the preceding paragraph, the Court concludes that a negligence action against Michael Toth can only be maintained through piercing of the corporate veil. The documentary evidence shows he also was not the owner of the property on the date of accident. The LLC was the owner. Liability, if any, of the members would only be possible if Plaintiff is successful in piercing the corporate veil.

Taking the allegations of the Complaint as true, on the pre-Answer motion to dismiss, the Court finds that Plaintiff's Complaint, and Amended Complaint, adequately set forth claims against the individual defendants based on the theory of piercing the corporate veil, but that the Second and Third Causes of Action in the Amended Complaint for negligence against the Toths, in their individual capacities, fail to state a cause of action.

## CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that Plaintiff's cross-motion to amend the Complaint to is GRANTED; and it is further

**ORDERED**, that Ms. Toth's motion to dismiss the Amended Complaint is GRANTED IN PART; in particular, the Second and Third Causes of Action in the Amended Complaint are dismissed.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:      November ___, 2025
             Binghamton, New York

                                                HON. EUGENE D. FAUGHNAN
                                              Supreme Court Justice

9